UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON,<br><br>    Plaintiff,<br><br>  v.<br><br>M. COTA, et al.,<br><br>    Defendants. | No. 1:19-cv-01669-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 15) |

Plaintiff DeMarrea McCoy-Gordon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 10, 2020, the assigned magistrate judge issued findings and recommendations, recommending dismissal of plaintiff's complaint without leave to amend. (Doc. No. 15.) With respect to plaintiff's claims alleging that his inmate grievance against defendant Sherman was not properly processed, the magistrate judge found that: (1) plaintiff did not connect these allegations to a defendant named in this action; and (2) even if he had, prisoners are not entitled to a specific administrative grievance procedure and there is no liberty interest in the processing of inmate grievances. (*Id.* at 6.) With respect to plaintiff's First Amendment retaliation claims, the magistrate judge found that the allegedly retaliatory actions taken by the named defendants were not retaliatory because, in his complaint, "Plaintiff himself describes events that precipitated each

1

allegedly false write-up." (*Id.* at 8.) The magistrate judge found that "Plaintiff only has a claim for retaliatory filing of charges if those charges [we]re false" (*id.* at 10), but that could not be the case here because the allegations in the complaint demonstrate that defendants' filing of the prison disciplinary charges against plaintiff were not false. The magistrate judge therefore recommended dismissing plaintiff's complaint without leave to amend. (*Id.* at 11) ("[T]he facts alleged, even take as true and construed in Plaintiff's favor, do not state a claim under the applicable legal standards."). On April 29, 2020, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 16.) On that same date, plaintiff also filed a first amended complaint, which the court construes as a proposed first amended complaint. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections and his proposed first amended complaint, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In his objections, plaintiff argues that all he needs to do to plausibly state a First Amendment retaliation claim is to allege a chronology of events from which retaliation may plausibly be inferred. (Doc. No. 16 at 2–3.) Plaintiff contends that his complaint did allege such a chronology of events. (*Id.* at 3.) To the extent that the undersigned disagrees with his contention in this regard, plaintiff requests that he be granted leave to amend his complaint. (*Id.*) "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint," plaintiff argues that "allegation[s] of a chronology of events from which retaliation can be inferred [are] sufficient to survive dismissal." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). That is an accurate statement of the law. However, here, the magistrate judge has correctly found that plaintiff's complaint does not plausibly allege such a chronology of events because the complaint's allegations on their face demonstrate that defendants were justified in writing him up for prison disciplinary violations each time that they did so. Plaintiff's objections do not meaningfully dispute the magistrate judge's findings in this regard. Instead, plaintiff continues to argue that an isolated comment by defendant Cota—stating "that's snitching" in response to realizing that plaintiff was pursuing litigation relating to his earlier confinement at a different

prison facility— "was the motivating factor behind all of the harassing write-ups[.]" (Doc. No. 16 at 3.) The pending findings and recommendations correctly note, however, that is not the case: each of the prison disciplinary write-ups that plaintiff takes issue with appears to have been justified based on plaintiff's own allegations as set forth in his pending complaint. Moreover, the undersigned has reviewed plaintiff's proposed first amended complaint and finds that it, too, suffers from the same fatal defect identified in the pending findings and recommendations: namely, the allegations in that proposed first amended complaint demonstrate that defendants did not falsely write him up nor did they retaliate against him for exercising his First Amendment rights. Accordingly, and especially in light of plaintiff's failure to cure the noted deficiencies in his proposed first amended complaint despite having been provided with the analysis of the findings and recommendations, the court finds that the granting of leave to amend is not warranted. *See Centeno v. Wilson*, No. 1:08-cv-01435-FJM, 2010 WL 1980157, at *1 (E.D. Cal. May 17, 2010) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

For the reasons set forth above,

1. The April 10, 2020 findings and recommendations (Doc No. 7) are adopted;
2. This action is dismissed without leave to amend due to plaintiff's failure to state a cognizable claim; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **May 8, 2020**                            /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE

3